UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:20-cv-14310-KMM

JOSEPH MAZZOCHI,

    Plaintiff,
v.

MORAN FOODS, LLC,

    Defendant.
_____/

**ORDER ON MOTION TO REMAND**

THIS CAUSE came before the Court upon Plaintiff Joseph Mazzochi's ("Plaintiff") Unopposed Motion to Remand. ("Mot.") (ECF No. 10). Therein, Plaintiff requests to remand the above-captioned cause to the state court where it was originally filed. Mot. at 1. Defendant Moran Foods, LCC ("Defendant") does not oppose the Motion.[1] *Id*. at 2.

This action arises out of an employment dispute. Plaintiff alleges that Defendant discriminated against him on the basis of his age in violation of the Florida Civil Rights Act ("FCRA"), FLA. STAT. Section 760.10, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq*. *See generally* ("Compl.") (ECF No. 1–1). On August 10, 2020, Plaintiff brought an action in the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida. *Id.* at 16. On September 2, 2020, Defendant removed the case to this Court pursuant to the federal courts' original jurisdiction over claims involving federal law under

---

[1] Although Defendant does not oppose the Motion, the Court "does not have the discretion to remand a properly removed action simply because both parties consent to remand." *Elliot v. Bonefish Grill, LLC*, Case No. 5:18-CV-46 (CAR), 2018 WL 1083472, at *1 (M.D. Ga. Feb. 28, 2018); *see also Eagerton v. Valuations, Inc.*, 698 F.2d 1115, 1118 (11th Cir. 1983) ("[S]ubject matter jurisdiction cannot be waived or conferred on a court by consent of the parties.").

28 U.S.C. § 1331.  ("Not.") (ECF No. 1) ¶¶ 6–8.  On October 2, 2020, Plaintiff filed a Second Amended Complaint eliminating the ADEA claim.  (ECF No. 9).

Federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).  Thus, if at any time after removal and before final judgment it appears that the district court lacks subject matter jurisdiction, the court must remand the case.  28 U.S.C. § 1447.

"The doctrine of supplemental jurisdiction . . . permits 'federal courts to decide certain state-law claims involved in cases raising federal questions' when doing so would promote judicial economy and procedural convenience."  *Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 530 (11th Cir. 2015) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 348–49 (1988)). The doctrine, codified at 28 U.S.C. § 1367, "grants federal courts the power to exercise jurisdiction over claims 'that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'"  *Id.* at 531 (quoting 28 U.S.C. § 1367(a)).

Although § 1367 "mandates that district courts—at least initially—exercise jurisdiction over those supplemental claims that satisfy the case or controversy requirement[,]" district courts may dismiss claims if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* at 531–32 (citing 28 U.S.C. § 1367(c)).  "Once any of these factors is satisfied, the district court

possesses the discretion to dismiss supplemental claims and must 'weigh . . . at every stage of the litigation,' whether to dismiss the supplemental claims" by considering "judicial economy, convenience, fairness, and comity." *Id.* at 532 (quoting *City of Chicago. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)); *see also Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006) ("Any one of the section 1367(c) factors is sufficient to give the district court discretion to dismiss a case's supplemental state law claims."). "Any and 'all doubts about jurisdiction should be resolved in favor of remand to state court.'" *J.P. v. Connell*, 93 F. Supp. 3d 1298, 1301 (quoting *Univ. of S. Ala.*, 168 F.3d at 411).

Here, Defendant removed this matter from state court on the basis that the Court had original jurisdiction over the claim against Defendant under the ADEA. *See* (ECF No. 1). In his Second Amended Complaint, Plaintiff dismissed the claim over which the Court had original jurisdiction. *See* (ECF No. 9). Therefore, only a state law claim remains. *See id.*

The Court does not have original jurisdiction over the FCRA claim. However, the Court has discretion to retain supplemental jurisdiction over the claim. *See Ameritox*, 803 F.3d at 532. This case, removed from state court on September 2, 2020, is still in its infancy. *See* (ECF No. 1). Neither Party has filed any substantive motions prior to the instant Motion, and the Court has not expended significant judicial resources in this case. Therefore, remand at this stage would not require the state court to duplicate this Court's efforts. *See Lake Cnty. v. NRG/Recovery Grp., Inc.*, 144 F. Supp. 2d 1316, 1321 (M.D. Fla. 2001). Moreover, "[b]oth comity and economy are served when issues of state law are resolved by state courts." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002).

Accordingly, the Court declines to exercise supplemental jurisdiction over the remaining claim and finds that remand is appropriate. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–

89 (11th Cir. 2004) ("The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court.  We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."); *see also Carnegie-Mellon Univ.*, 484 U.S. at 351 ("When the single federal-law claim in the action [is] eliminated at an early stage of the litigation, the District Court [has] a powerful reason to choose not to continue to exercise jurisdiction.").

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Plaintiff's Unopposed Motion to Remand (ECF No. 10) is GRANTED.  This action is REMANDED in its entirety to the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida.  The Clerk of the Court is instructed to CLOSE this case.  All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this  19th  day of October, 2020.

                                        K. MICHAEL MOORE
                                        CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record